# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ZACHARY BAUGHMAN,** individually and on behalf of all others similarly situated, *Plaintiff*, v. **THE BUSINESS CONCIERGE TEAM LLC**, an Ohio registered company, *Defendant,* | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Zachary Baughman ("Plaintiff Baughman" or "Baughman") brings this Class Action Complaint and Demand for Jury Trial against Defendant The Business Concierge Team LLC ("Defendant" or "BCT") to stop the Defendant from violating the Telephone Consumer Protection Act by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Baughman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Zachary Baughman is a resident of Greenville, Ohio.

2. Defendant BCT is an Ohio registered company headquartered in San Antonio, Texas. Defendant BCT conducts business throughout this District, Ohio, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in this District and makes calls into this District in connection with that business.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed by Defendant into this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 5.1 billion robocalls were placed in May 2023 alone, at a rate of 164.0 million per day. www.robocallindex.com (last visited June 11, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant BCT provides business support solutions to businesses, which includes assistance in registering for the Employee Retention Credit ("ERC"), a refund offered by the US Government.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/the-business-concierge-team/about/

3

15. The ERC was enacted by the CARES Act in March of 2020 and expanded upon through the American Rescue Plan Act, enabling companies to collect as much as $26,000 per employee based on revenues generated during the Covid pandemic.[4]

16. Defendant BCT offers its ERC registry services to companies that want to use their services. If a company qualifies and receives its ERC credit payment, a portion of the payments are paid to BCT in exchange for their work to procure the ERC payments.[5]

17. Defendant BCT places telemarketing calls to businesses and consumers to solicit its ERC services.

18. Defendant BCT is open about placing cold calls, as per the job responsibilities listed in a job posting for an Inbound Sales Professional:

> **Inbound Sales Professional**
> The Business Concierge Team
> San Antonio, TX 78230
> Full-time
>
> **Responsibilities:**
> - You will be answering hot and warm inbound calls, inbound chats from our website, and calls with prequalified leads directly from our call center. I know this sounds great, but one kind of downside- we will also have outbound cold calls. These are done during down times.
> - Build relationships with clients and become their trusted advisor and buddy who is helping them through an annoying process. Becoming buddies means referrals![6]

19. Defendant BCT places unsolicited pre-recorded telemarketing calls, often times to residential phone numbers, as per Plaintiff's experience.

---

[4] https://www.the-bct.com/
[5] https://www.the-bct.com/erc/faq
[6] https://www.indeed.com/viewjob?jk=1d49b3ebd18e7109

4

20. Numerous websites have captured pre-recorded voicemails that BCT has placed. All of these pre-recorded voicemails match the same voicemail that Plaintiff Baughman received, including:



[7] https://directory.youmail.com/phone/775-269
[8] https://directory.youmail.com/phone/458-228-3292

5





---

[9] https://directory.youmail.com/phone/240-335
[10] https://lookup.robokiller.com/p/972-848-7405

6



21. All of the aforementioned voicemail recordings sound identical, containing the same exact script, the same voice (Maggie) and the same intonation.

22. The pre-recorded calls that BCT places clearly indicate the company name Business Concierge Team.

23. Consumers have posted complaints online regarding unsolicited pre-recorded calls they received from Defendant BCT, including:

- "I keep getting calls from this number."[12]

- "Maggie calling about ERC. Sorry Maggie, I do not own a business or have employees."

24. In response to these calls, Plaintiff Baughman brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[11] https://lookup.robokiller.com/p/240-335-7117
[12] https://whocallsme.com/Phone-Number.aspx/3306147003

7

## PLAINTIFF BAUGHMAN'S ALLEGATIONS

25. Plaintiff Baughman is the subscriber and the sole user of the cell phone number ending with 2984.

26. Plaintiff Baughman's cell phone number is not associated with a business and is used for personal use only as one would use a landline home phone number.

27. On May 19, 2023 at 1:55 PM, Plaintiff received an unsolicited telemarketing call from Defendant BCT to his cell phone number, from 208-280-5700. Plaintiff Baughman did not answer this call but a pre-recorded voicemail was left, which he listened to, stating:

> "Hey good morning I am Maggie I'm with the business concierge team I'm calling to see if you've heard about ERC and if you're interested in filing. The employee retention credit is available until around April of next year so you do have some time to do homework on it. If you don't know it's a government credit for businesses that open before 2019 and remain open through 2020 and 2021. If you want some more information from an expert please give us a call. Our phone number is 330-614-7003. Again our phone number is 330-614-7003. Thanks."

28. the voicemail that Plaintiff Baughman received on his cell phone voicemail exactly matches voicemails other consumers posted online through websites like Robokiller and Youmail.com.

29. The voicemail that Plaintiff Baughman received indicates the company name Business Concierge Team.

30. Plaintiff Baughman has never provided his cell phone number to Defendant BCT in any context. The pre-recorded voicemail that he received was unsolicited.

31. The unauthorized solicitation telephone call that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Baughman in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

8

32. Seeking redress for these injuries, Plaintiff Baughman, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33. Plaintiff Baughman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Baughman anticipates the need to amend the Class definition following appropriate discovery.

35. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

9

    (a)    whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

    (b)    whether the calls constitute a violation of the TCPA;

    (c)    whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Baughman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Baughman has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Baughman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Baughman nor his counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Baughman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Baughman and the Pre-recorded No Consent Class)

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. Defendant transmitted unwanted telephone calls to Plaintiff Baughman and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

42. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Baughman requests a jury trial.

                              **ZACHARY BAUGHMAN**, individually and on behalf of all others similarly situated,

DATED this 9th day of July, 2023.

                              By: /s/ Brian Giles
                              Brian T. Giles (0072806)
                              Giles & Harper, LLC
                              7247 Beechmont Avenue,
                              Cincinnati, Ohio 45230
                              Telephone: (513) 379-2715
                              bgiles@gilesharper.com

                              Avi R. Kaufman
                              kaufman@kaufmanpa.com
                              **KAUFMAN P.A.**
                              237 South Dixie Highway, Floor 4
                              Coral Gables, FL 33133
                              Telephone: (305) 469-5881

                              *Attorneys for Plaintiff and the putative Class*